JOHN M. HENNEBRY *vs.* ROBERT D. MAYNARD.
JAMES J. SULLIVAN *vs.* SAME.

Hampden.    September 26, 1899. — October 20, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Labor on State Road — Evidence — Action — Independent Contractor.*

In an action for labor performed on a State road, no exception lies to the exclusion of certain sections of the contract between the defendant and the State Highway Commissioners, by which he agreed to save the Commonwealth harmless from various possible claims and not to sublet his contract.

A person who works for a sub-contractor for the building of culverts on a State road cannot maintain an action against the contractor for his wages, there being no evidence of any promise other than such as arose from the plaintiff's employment by the sub-contractor.

TWO ACTIONS OF CONTRACT, to recover for labor performed by the plaintiffs respectively on a section of the State road at Warren, which the defendant was building under a contract with the State Highway Commissioners. At the trial of the cases together in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the defendant in each case; and the plaintiffs alleged exceptions, which appear in the opinion.

*W. H. Kelley*, for the plaintiffs.

*C. H. Beckwith*, for the defendant.

HOLMES, C. J.    The single exception of the plaintiff Hennebry is to the exclusion of certain sections of the contract between the defendant and the State highway commissioners, by which the defendant agreed to save the Commonwealth harmless from various possible claims, and not to sublet his contract. If the plaintiff's claim was within the scope of this agreement, which would be hard to make out, the contract was *res inter alios* and gave the plaintiff no rights. Neither was it at all necessary in order to understand the dealings of the parties, as in *Globe Works* v. *Wright*, 106 Mass. 207.

In the case of the plaintiff Sullivan a verdict was directed for the defendant. He testified that he worked under Mullany. It appeared that Mullany was a sub-contractor for the building of culverts on the State road. There was no evidence of any promise other than such as arose from the plaintiff's employment by Mullany. If the subletting of a part of the work were forbidden by the defendant's contract with the State highway commissioners, which it is not, the defendant's liability would not be enlarged. Whether the defendant was right or wrong, Mullany was not his agent but an independent contractor, and Mullany's employees could look only to him.

*Exceptions overruled.*